OPINION OF THE COURT

NOW on this 8th day of July, 2015, Appellant, Chad Smith’s Appeal and Challenge of the 2015 General Election, comes on for consideration by the Court; Appellant, Chad Smith, appears in person pro se, Appellee, Bill John Baker appears by and through his counsel, Peter Brolick and Kalyn Free, Cherokee Nation Election Commission appears by and through their counsel, Harvey Chaffin.
This litigation concerns an appeal by Appellant, Chad Smith of the election results from the General Election held on June 27, 2015. This Court has original jurisdiction pursuant to Article VII of the Constitution of the Cherokee Nation and Title 26 CNCA (LA-04-14) 101, et seq.
Pursuant to CNCA Title 26 § 101 D, in addition to the manner in which a petition must be presented and certain identifying information along with the requested relief, the statute requires a specific statement regarding each alleged violation of Title 26 or other violation of any election procedures adopted by the Election Commission in force at the time of the alleged violation. There are three (3) very specific statutorily mandated requirements: 1) It must include the date of the alleged violation 2) It must include the identity of the person or persons involved in the alleged violations and 3) It must include the precinct where the violations occurred.[1] If these statements are not contained in the Petition or if the allegations do not allege sufficient violations that would affect the outcome of the election the statute requires that the Petition be deemed frivolous and that it be dismissed.[2] These threshold requirements must be established before moving on to any further analysis. Petitioner raises three (3) separate causes of action alleging irregularities and violations of the election laws of the Cherokee Nation.
Appellant’s first proposition is Illegal Campaign Expenditures and while the Court takes any and all campaign finance issues seriously, this is a non-issue for the purposes of this appeal and finds there is no legal or factual basis to support this allegation. Appellant alleges that Appel-lee Baker or a third party made over $34,000.00 of campaign expenses to a company called Consumer Logic Inc. in March and May of 2014. Campaign finance disclosure as provided by in both the Rules and Regulations of the CNEC and CNCA Title 26 were fully complied with and within those filings Appellant Baker reported the expenditure of his personal funds in *351 2014. There is nothing in the iaw that prohibits the expenditure of one’s personal funds. There was also an investigation into this matter by both the CNEC and the Attorney General’s Office, the results of these investigations were communicated to the Appellant, explaining that there is no statutory limitation on the amount of money a candidate can expend in the furtherance of their campaign from their own personal funds and there is no time period limitation placed on the expenditure of those funds.[3] This was reiterated by the District Court in Smith v. CNEC, CV-14-569 in the Order dated February 17, 2015, wherein the Court Stated, “... since the Court has found that personal contributions to a campaign are not prohibited there is no justiciable controversy at this time with regard to the expenditure of the funds complained of by Petitioner ...” Appellant Smith also conceded this very issue before this Court in his oral argument. Being that there is no violation of any Cherokee Law or Election Law Appellant’s first proposition fails.
As to Appellant’s second proposition, he alleges that the CNEC failed to establish the identity of thousands of people who voted at the precincts. In support of this allegation Appellant attached an exhibit located at page 19 of his petition setting forth dates, the identity of the persons or persons involved and the precinct where the violation occurred, however there was no allegation by Appellant that there was a failure to establish identity but only alleged that twenty-six (26) specific voters were not asked for an ID. There is absolutely no requirement in either the Election Commission rules or in the Cherokee Nation statutes that require the presentation of an Identification card.[4] In any event, 26 votes did not have any effect on the outcome of the election; therefore this proposition has no merit.
In his final proposition, Appellant alleges that the CNEC refused to divulge to him where it mailed two hundred and sixty-one (261) absentee ballots. There is no allegation that this violated any law. Petitioner cites to 26 CNCA § 23 which requires the Commission to establish and maintain an independent data base which is to include a Voters List of all registered voters who are eligible to vote in an upcoming election. This Voter List is to be made available to all citizens of the Cherokee Nation. There is no allegation that the Commission did not provide Appellant Smith a Voter List. Appellant even acknowledges in his Petition that he in fact received an Absentee Ballot Request List and the Absentee Ballot Bad Address List from the Commission. He then asked the Commission to provide him with a specific list of the addresses where two hundred and sixty-one (261) absentee ballots were mailed which had been sent to “bad addresses”. Appellant was informed by the *352 Election Commission that it was not possible to generate a report containing the information he was requesting for these two hundred and sixty-one (261) voters. This allegation by Appellant does not meet any of the requirements set forth above, moreover, it does not even allege that any violation of law occurred. Furthermore, two hundred sixty (261) votes would still not have any effect on the outcome of this election.
As required by 26 CNCA § 101 D., due to the fact that Appellant's Petition is lacking and there are no allegations alleged that would have any affect on the election outcome Appellant Smith’s Petition is deemed to be frivolous and is hereby dismissed.

. This case does not make any allegations of fraudulent voting, therefore the Court does not address that portion of the statutory requirements.

. CNCA Title 26 § 101 D.

. Appellant Smith’s Exhibit 3 and Cherokee Nation AG Opinion 2015-CNAG-04.

. 26 CNCA § 12 C.Í. States "Ensure the identity of each person attempting to vote is established either through personal knowledge, or photo ID or by viewing some current form of government issued ID card or the voter’s ID card issued by the Cherokee Nation Election Commission.
26 CNCA § 62 B. Procedure for Voting in Person. Except as provided in Section 78 of this Title or as otherwise provided, any registered voter may vote by appearing at his or her designated precinct, announcing to precinct officials his or her name and address, signing the registry, marking a ballot and placing in the ballot box or counting device. Rules and Regulations of the Cherokee Nation Election Commission § 2.16 B. states: The Voter should announce their name and address to the Judge. The Judge shall confirm the Voter's identity through personal knowledge or by asking for identification.